359 F.Supp. 12 (1973)
COMMONWEALTH OF PENNSYLVANIA ex rel. Arlen SPECTER, District Attorney of Philadelphia County, Individually and in behalf of the citizens of the County of Philadelphia and all other persons similarly situated, et al.
v.
A. Leo LEVIN, Chairman et al.
Civ. A. No. 72-402.
United States District Court, E. D. Pennsylvania.
May 8, 1973.
Martin H. Belsky, Asst. Dist. Atty., Louis W. Fryman, Becker, Fryman & Ervais, Philadelphia, Pa., for plaintiffs.
Harold E. Kohn, Thomas N. O'Neill, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendants.
Before ALDISERT, Circuit Judge, and VanARTSDALEN and GREEN, District Judges.

OPINION
VanARTSDALEN, District Judge.
Plaintiffs, in this "Civil Rights Class Action" seek to have declared unconstitutional, as violating the Fourteenth Amendment of the United States Constitution, the Final Reapportionment Plan of the Pennsylvania State Legislative Reapportionment Commission, filed on December 29, 1971. The "Plan" established the geographical boundaries for the Pennsylvania state senatorial and *13 legislative districts. The identical federal constitutional issues were litigated by the same parties through the state courts. The Supreme Court of Pennsylvania in a per curiam decision dated February 7, 1972, held that the challenged reapportionment plan was "in compliance with the mandates of the Federal and Pennsylvania Constitutions" and that the plan "shall have the force of law." An appeal from that decision was filed on May 5, 1972 in the Supreme Court of the United States. Appellant was "Arlen Specter, Individually and as District Attorney of Philadelphia County." On June 5, 1972, the Supreme Court of Pennsylvania filed a signed opinion. Both the per curiam and the signed opinion are reported under Commonwealth ex rel. Specter v. Levin, 448 Pa. 1, 293 A.2d 15 (1972). On October 10, 1972, the Supreme Court of the United States dismissed the appeal "for want of substantial federal question." The decision is reported under Specter, District Attorney of Philadelphia County v. Tucker, Secretary of the Commonwealth, 409 U.S. 810, 93 S.Ct. 44, 34 L.Ed.2d 65 (1972).
Under the rule of England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), we find the dismissal of the appeal by the United States Supreme Court to be dispositive of the present action.
Jurisdiction of this action is asserted under 42 U.S.C. §§ 1983, 1988; 28 U.S.C. §§ 1331, 1343, 2201, 2202, 2281 and 2284, and the Fourteenth Amendment of the United States Constitution. Pursuant to 28 U.S.C. § 2284, a statutory three-judge court was convened. A motion to dismiss on behalf of all defendants was filed, which motion this court held in abeyance by order filed June 22, 1972, pending decision of the United States Supreme Court in the appeal of Specter v. Tucker, supra. Following the decision of the United States Supreme Court on the appeal, the defendants in the present action filed a supplemental motion to dismiss. This court has received briefs of counsel and heard oral argument on the motion.
There is no doubt that the federal constitutional issues raised and litigated in the State Court proceedings are identical with those raised in the present action.
In the appeal to the United States Supreme Court, the statement of the questions presented in plaintiffs' brief was as follows:
I. Did the publication of the preliminary reapportionment plan in Philadelphia County just four days prior to the cessation of the period to file exceptions to the plan violate the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution as it gave the citizens of Philadelphia County an inadequate and unequal period to evaluate, analyze and prepare criticisms of the plan?
II. Does the revised or final reapportionment plan filed on December 29, 1971 by the Pennsylvania State Legislative Reapportionment Commission violate the equal protection clause of the United States Constitution in that it establishes districts on the basis of impermissible political considerations and not composed of compact and contiguous territory?
III. Does the revised or final reapportionment plan filed on December 29, 1971, by the Pennsylvania State Legislative Reapportionment Commission violate the equal protection clause of the Fourteenth Amendment of the United States Constitution in that the Commission did not make a good faith effort to create district[s] of equal population "as nearly as practicable?"
A reading of the present complaint shows that these same issues, and no others are sought to be re-litigated. Paragraph 13 of the complaint states that the questions of fact and law, common to all members of the alleged class are "whether the failure to give adequate and equal notice to all citizens as well as the failure of the Commission to enact *14 a reapportionment plan in conformity with the requirements of compactness and contiguity violates the Constitution of the United States, more particularly the Fourteenth Amendment thereof. . . ."
Paragraph 18 of the complaint, under the heading of "Factual Allegations," and subheading "Publication of Notice" sets forth the facts concerning the public notice given in Philadelphia County of the proposed plan. The complaint asserts that the four day notice "arbitrarily denies citizens of a particular county the Equal Protection of the Fourteenth Amendment of the United States Constitution. . . ."
Paragraph 19 of the complaint, sub-headed "Redistricting", alleges that the Commission "failed to abide by the Federal and Pennsylvania constitutional requirement of compactness and contiguity" in establishing the boundaries of the districts. Paragraph 20 states that the plan "establishes a crazy quilt, completely lacking in rationality, and thus invalid under the Fourteenth Amendment of the United States Constitution."
Paragraph 21 of the complaint states: "Moreover, in establishing such a reapportionment, the Commission violated the requirement of equal population."
Thus, both the State Court action appealed to the United States Supreme Court and the present action presented three identical federal constitutional issues. These issues may be summarized as (1) inadequate notice of the proposed plan; (2) politically motivated "gerrymandered" districts that were neither compact nor contiguous, and lacked "rationality"; (3) impermissible population variations among districts.
In England, supra, 375 U.S. at 419, 84 S.Ct. at 466, the Court said:
we see no reason why a party, after unreservedly litigating his federal claims in the state courts although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court. . . . We now explicitly hold that if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, thenwhether or not he seeks direct review of the state decision in this Courthe has elected to forgo his right to return to the District Court.
The parties plaintiff and defendant were the same in the State Court proceedings as in the present action. In the State Court proceedings, pursuant to the Pennsylvania Constitution, appeals were taken directly to the Pennsylvania Supreme Court from filing of the final plan by the reapportionment Commission.[1] Of the eighteen appeals filed, No. 54 May Term 1972 was filed in the name of "Commonwealth of Pennsylvania, ex rel. Arlen Specter, individually and as District Attorney of Philadelphia County." Appeal No. 56 May Term 1972 was filed as: "Appeal of Robert A. Rovner, Mathew F. Coppolino, Adriano Mastrangelo, Edward Cotzen and Joseph K. Kennedy." The named defendants in No. 54 May Term 1972 were the identical parties as those named in the present action, and no others. Thus, the named parties are identical to those whose claims were litigated in the state court proceedings.[2]
Equally certain is the fact that the federal constitutional issues were "unreservedly *15 litigated in the state courts" and that they were "freely and without reservation" submitted "for decision by the State Courts." We need not be concerned with the manner or formality by which a federal question may be "reserved" from state court decision. At oral argument, counsel for plaintiffs acknowledged that there had been no effort to reserve the federal questions for decision by the federal courts.[3]
England, supra, involved the doctrines of federal court abstention until the determination of state issues before the state courts. In England, the plaintiffs, having filed action in federal court, and that court abstaining, then went to the state court, voluntarily litigated both state and federal issues, sought no review of the state court decision by the United States Supreme Court, and thereafter returned to the federal three-judge court. In the present case, the plaintiffs filed this action in federal court after a decision by the Pennsylvania Supreme Court, but prior to filing an appeal to the United States Supreme Court.[4] This factual distinction creates no basis for a departure from the England principle. The relative timing of the filing of the federal and state court proceedings would appear to make no difference. The question is whether the state courts determined the issue, upon the plaintiffs freely and without reservation submitting the federal claims for decision by the state courts. Cf. Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969) (federal action filed after final determination by Supreme Court of Florida from which no certiorari under 28 U.S.C. § 1257 was sought) cert. denied, 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134 (1970); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321, 325-326 (6th Cir.), cert. denied, 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467 (1967).
The Pennsylvania Supreme Court has heretofore determined every federal constitutional issue raised in the present action. The United States Supreme Court dismissed the appeal "for want of substantial federal question."[5] Circuit Judge Friendly observed in Port Authority Bondholders Protective Committee v. Port of New York Authority, 387 F.2d 259, 263 n. 3 (2nd Cir. 1967):
unless and until the Supreme Court should instruct otherwise, inferior federal courts had best adhere to the view that if the Court has branded a question as unsubstantial, it remains so except when doctrinal developments indicate otherwise.
Defendants' motion to dismiss will be granted.[6]
NOTES
[1] Article II, Section 17(d) of the Pennsylvania Constitution provides:

Any aggrieved person may file an appeal from the final plan directly to the Supreme Court within thirty days after the filing thereof. If the appellant establishes that the final plan is contrary to law, the Supreme Court shall issue an order remanding the plan to the commission and directing the commission to reapportion the Commonwealth in a manner not inconsistent with such order.
[2] Although plaintiffs in the present action, seek to represent all electors and voters in the County of Philadelphia, Pennsylvania, as a class, the named parties plaintiff and defendant are identical.
[3] Notes of Testimony, page 9:

Judge Aldisert: In the state proceedings was there any effort to reserve the federal questions for the Federal Court?
Mr. Belsky: [attorney for Arlen Specter, plaintiff] No, Your Honor.
[4] The per curiam opinion of the Pennsylvania Supreme Court was filed on February 7, 1972; the present action was filed February 28, 1972; appeal to the United States Supreme Court from the Pennsylvania Supreme Court was filed on May 5, 1972.
[5] The "Statement of the case" contained in the paperbook filed by plaintiff with the United States Supreme Court set forth the basic facts concerning the convening of this court pursuant to Title 28 U.S.C. § 2284.
[6] Plaintiffs contend that the strictures of England v. Louisiana State Board of Medical Examiners, supra, 375 U.S. at 419, 84 S.Ct. 461, do not apply where procedures governing the reception of evidence in the state court differ from those in the federal courts. We are not persuaded that the holding of England, quoted ante, page 14, admits to such an exception. In any event, consideration of the contention is foreclosed, totally and absolutely, by the Supreme Court's ruling that the issues presented by the plaintiff in this case do not present a "substantial federal question."