Martin O. **WEISBROD**, Plaintiff,

v.

James T. **LYNN** et al.,
**Defendants.**

**Civ. A. No. 2465–72.**

United States District Court,
District of Columbia.

Oct. 11, 1974.

Milton V. Freeman, G. Philip Nowak, James A. Dobkin, Washington, D. C., for plaintiff.

John M. Kelson, Dept. of Justice, Washington, D. C., for defendants.

Before ROBB, Circuit Judge, and ROBINSON and GREEN, District Judges.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

This matter is before the Court on plaintiff's Motion for Summary Judgment and defendants' Motion to Dismiss, points and authorities and oppositions. The Court has also heard oral argument on the pending Motions. Upon consideration of the facts and the law applicable thereto, the Court concludes that it must dismiss this action.

A brief review of this litigation is necessary for an understanding of our conclusion. In December 1972, plaintiff Martin O. Weisbrod filed an action in the District Court which sought, *inter alia*, a declaratory judgment that the Federal Employee Mandatory Retirement Law, 5 U.S.C. § 8335,[1] is unconsti-

tutional on its face and as applied to plaintiff.[2] In addition, plaintiff filed a motion for the convening of a three-judge court, pursuant to 28 U.S.C. §§ 2282, 2284, claiming that the case raised serious and substantial questions concerning the constitutionality of a statute of the United States. On February 2, 1973, the District Court (Robinson, J.) denied plaintiff's request for the convening of a three-judge court, and on motion of the defendants, dismissed the action for failure to state a claim upon which relief could be granted.

On March 11, 1974, the United States Court of Appeals for the District of Columbia, relying on the intervening Supreme Court decision of Cleveland Board of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (Rehnquist, J., dissenting) (decided January 21, 1974) found "ample indication that appellant's challenge in this instance presents a constitutional issue of sufficient substance as to warrant consideration by a three-judge court". Weisbrod v. Lynn, 494 F.2d 1101 (D.C.Cir.1974) (slip op. at 3). The case was remanded and a three-judge court convened.

1. 5 U.S.C. § 8335 provides that:
   "(a) Except as otherwise provided by this section, an employee who becomes 70 years of age and completes 15 years of service shall be automatically separated from the service. The separation is effective on the last day of the month in which the employee becomes 70 years of age or completes 15 years of service if then over that age, and pay ends from that day.
   "(b) The employing office shall notify each employee under its direction of the date of his separation from the service at least 60 days in advance thereof, and subsection (a) of this section does not take effect without the consent of the employee until 60 days after he is so notified.
   "(c) The President, by Executive Order, may exempt an employee from automatic separation under this section when in his judgment the public interest so requires.
   "(d) The automatic separation provisions of this section do not apply to—
   "(1) an individual named by a statute providing for the continuance of the individual in the service;

   "(2) a Member [of Congress] ;
   "(3) a Congressional employee;   or
   "(4) an employee in the judicial branch appointed to hold office for a definite term of years.
   "(e) This section applies to an employee of the Alaska Railroad in Alaska, and to an employee who is a citizen of the United States employed on the Isthmus of Panama by the Panama Canal Company or the Canal Zone Government, who becomes 62 years of age and completes 15 years of service in Alaska or on the Isthmus of Panama."

2. A brief recitation of the particular circumstances of plaintiff Weisbrod are contained in Weisbrod v. Lynn, 494 F.2d 1101, n. 1 (D.C.Cir., decided March 11, 1974), and in Plaintiff's Statement of Material Facts

   . . .

   Most important, however, is the fact, apparently conceded by the defendants, that plaintiff Weisbrod was retired by virtue of 5 U.S.C. § 8335 because of his age, rather than for cause, ill health or some other mental or physical problem which would prohibit him from performing his job satisfactorily.

Subsequently, the Supreme Court considered an appeal from the Pennsylvania Supreme Court. McIlvaine v. Pennsylvania, 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884 (decided March 25, 1974). The question presented was "[W]hether Section 205(d)[3] of the Administrative Code, as amended, which mandates retirement of Pennsylvania State Policemen at the age of sixty (60) violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States". (Appellant's Jurisdictional Statement). Both the Commonwealth Court (296 A.2d 630 (1972)), and the Supreme Court of Pennsylvania (309 A.2d 801 (1973)) had upheld the constitutionality of Section 205(d) under the Fourteenth Amendment. The Supreme Court of the United States, upon consideration of the appellee's Motion to Dismiss or Affirm, dismissed the appeal "for want of substantial federal question". *McIlvaine, supra.* (Blackmun, J., voted to note probable jurisdiction).

Thus, the initial question before this Court is the effect of this latest decision by the Supreme Court of the United States. Defendants urge that it is dispositive and necessitates dismissal of this case (Defendants' Opposition . . . at 7–8); plaintiff urges that the decision is neither dispositive nor even particularly persuasive since it was rendered "without opinion" (Plaintiff's Reply . . . at 4–6). This Court is constrained, in view of substantial case law, to accept defendants' position.

Perhaps the most succinct explanation of the effect of a Supreme Court decision to dismiss an appeal for want of a substantial federal question was made by Justice Brennan, when he wrote: "[V]otes to affirm summarily, and to dismiss for want of a substantial federal question, it hardly needs comment, are votes on the merits of a case. . . ." Ohio ex rel. Eaton v. Price, 360 U.S. 246, 247, 79 S.Ct. 978, 979, 3 L.Ed.2d 1200 (1959). Once the Supreme Court dismisses a case for want of a substantial federal question lower courts uniformly refuse to review or reconsider the same issue.[4] Port Authority Bondholders Protective Committee v. Port of N. Y. Authority, 387 F.2d 259 (2nd Cir. 1967); Heaney v. Allen, 425 F.2d 869 (2nd Cir. 1970); David v. N. Y. Telephone Co., 470 F.2d 191 (2nd Cir. 1972); Ahern v. Murphy, 457 F.2d 363 (7th Cir. 1972); Parke-Davis v. Health Cross Stores, 364 F.2d 214 (4th Cir. 1966); Hall v. Thornton, 445 F.2d 834 (4th Cir. 1971); *cf.* Joseph v. Blair, 482 F.2d 575 (4th Cir. 1973). (New questions which have not been presented to the Supreme Court may be considered.) Also in agreement with the conclusion that the Supreme Court's dismissal for want of a substantial federal question is a binding decision on the merits are numerous authors on federal court and Supreme Court practice. Stern & Gressman, Supreme Court Practice 197 (4th ed. 1969); Wright, Federal Courts § 108 (1963 ed.); Hart & Wechsler, The Federal Courts and The Federal System

---

3. Section 205(d) of the Pennsylvania Administrative Code of 1929 provided:

"Any member of the Pennsylvania State Police, except the Commissioner and Deputy Commissioner, regardless of rank, who has attained and who shall attain the age of sixty years, shall resign from membership in the said police force: Provided, however, That the provision of this paragraph shall not apply to members of the State Police Force who upon attaining the age of sixty years shall have less than twenty years of service. Upon completion of twenty years of service, the provisions of this paragraph shall become applicable to such persons".

4. Similarly a three-judge court, which has already been convened, will dismiss a complaint if the court determines that the Supreme Court of the United States has already dismissed an analogous case for want of a substantial federal question. Beck v. McLeod, 240 F.Supp. 708 (3 judge ct.) (E. D.S.C.1965), aff'd. 382 U.S. 454, 86 S.Ct. 645, 15 L.Ed.2d 522 (1966); Gates v. Collier, 349 F.Supp. 881 (3 judge ct.) (S.D.N. Y.1972); Commonwealth of Pennsylvania v. Levin, 359 F.Supp. 12 (3 judge ct.) (E.D. Pa.1973).

573–6 (1953); Robertson and Kirkham, Jurisdiction of the Supreme Court of the United States § 58.[5]

Having concluded that the effect of a Supreme Court dismissal for want of a substantial federal question is to require a lower court, when faced with an analogous question to likewise dismiss, we must now determine whether the questions at issue are analogous to those posed in *McIlvaine, supra,* thereby requiring us to dismiss. Plaintiff urges us to conclude that they are not. In support, plaintiff points out that the *McIlvaine* jurisdictional statement "is quite brief and the relation to the arguments made here is not clear". (Plaintiff's Reply . . . at 5). In the *Port Authority* case, *supra,* this same argument was advanced. The Second Circuit found (Friendly, J.) that even though "the point was presented to the Supreme Court, perhaps not very forcefully," it was presented "sufficiently, in appellants' Jurisdictional Statement, pp. 16–22, the Port Authority's motion to dismiss, pp. 18–24, and appellants' answering brief, pp. 2–5." *Port Authority, supra,* 387 F.2d at 262. While the instant plaintiff says the Supreme Court could not have been aware of the full panoply of rights at stake in the present question, it is difficult, if not impossible, to believe that the Supreme Court was not cognizant of them in *McIlvaine,* merely because *McIlvaine* was neither as "lengthy" nor as "forceful" as Weisbrod.

Plaintiff next argues that the *McIlvaine* decision was motivated "presumably" by "some feeling on the part of the Court that physical vigor is so clearly important in the case of a police force that it may be appropriate not to insist on standards applicable to other fields of employment, such as legal services, which do not require the same degree of physical effort." (Plaintiff's Reply . . . at 5). The plaintiff indicates that this is sheer speculation, that in fact he does not know *what* (legal or factual) accounts for the *McIlvaine* decision. This Court will not join plaintiff in such idle speculation.

Next, plaintiff appears to contend that since *McIlvaine* did not argue that age was a "suspect" classification (which Weisbrod does argue), the Supreme Court has not ruled on this claim. Because a good portion of the Appellee State's Motion to Affirm or Dismiss, pp. 3–6, is devoted to exactly this question, it is hard for this Court to conclude that the Supreme Court did not know it was a significant aspect of the *McIlvaine* case.[6]

Lastly, and perhaps most meritoriously, plaintiff argues that McIlvaine did not, as he does, couch his case in terms of a due process violation, i. e. that the mandatory retirement provision creates an "impermissible, irrebuttable presumption," as that term is discussed in *Cleveland Board of Education, supra,* and Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973). Both Section 205(d) of the Pennsylvania Administrative Code and 5 U.S.C. § 8335 establish a mandatory retirement date

---

5. Case law and legal scholars do recognize an exception to this general proposition. If there have been "doctrinal developments" after the Supreme Court has dismissed for want of a substantial federal question, a lower court may have some basis for further pursuit of the question. "However unless and until the Supreme Court should instruct otherwise, inferior federal courts had best adhere to the view that if the Court has branded a question as unsubstantial, it remains so . . . ." Port Authority, supra, 387 F.2d at 263, n. 3.

This exception has no application to the case at bar in that McIlvaine, supra, was decided a mere six months ago, during which time no "doctrinal developments" on the question before us have occurred.

6. Additionally, the "age as a suspect classification" argument was before the Supreme Court by virtue of the dissent of Pennsylvania Supreme Court Justice Roberts. McIlvaine, supra, 309 A.2d at 804–811.

The Second Circuit reached the same conclusion by finding that an issue which was the subject of a dissent by a lower appellate court judge put the issue "before" the Supreme Court when it dismissed for want of a substantial federal question. Port Authority, supra, 387 F.2d at 262.

based solely on chronological age.[7] Assuming *arguendo* that forced mandatory retirement at age 70 without regard to continued mental and physical ability to perform one's job establishes an irrebuttable presumption for plaintiff Weisbrod that after age 70 he is incapable of rendering satisfactory work performance, the same irrebuttable presumption faced McIlvaine. For him, there is an irrebuttable presumption that after age 60 he is no longer able to carry out his duties. Recognition of this issue, whether explicitly labelled "an irrebuttable presumption argument" or not, is made in McIlvaine's Jurisdictional Statement, at 5, where it is stated "Appellant was dismissed solely because he attained the age of 60 on July 8, 1970" despite the fact that he was "physically and mentally competent to continue to perform his duties beyond July 8, 1970."

This framing of the basic issue in *McIlvaine* convinces this Court that the Supreme Court was certainly not ignorant of the due process issue before it. Only two months prior to the *McIlvaine* decision, Justice Rehnquist had observed: "[T]he Court will have to strain valiantly in order to avoid having today's opinion [8] [relying primarily on the doctrine of irrebuttable presumptions] lead to the invalidation of mandatory retirement statutes for governmental employees." If the remaining Supreme Court Justices had agreed with Justice Rehnquist's conclusion, the Court would not have disposed of *McIlvaine* on the grounds that it failed to present a substantial federal question.

This Court is therefore satisfied that the issues presented by plaintiff Weisbrod in the case at bar are substantially similar, if not identical to, those presented to the Supreme Court in *McIlvaine*. The Supreme Court dismissed *McIlvaine* for want of a substantial fed-

eral question. This Court is led to the inexorable conclusion that we must do the same, "unless and until the Supreme Court should instruct otherwise." [9]

---

7. Both statutes do include provisions which allow continued employment after the mandatory retirement age in order to "vest" in established retirement plans.

8. Cleveland Board of Education, supra, 414 U.S. 632, 94 S.Ct. at 806.

9. Port Authority, supra, 387 F.2d at 263, n. 3.