Pietro C. RUBINO, for himself and all other persons similarly situated, and Philip J. Zichello, Plaintiffs-Appellants,

Harry T. Nusbaum, Plaintiff-Intervenor-Appellant,

v.

John J. GHEZZI, individually and in his capacity as Acting Secretary of State of the State of New York, et al., Defendants-Appellees.

Nos. 511, 876, Dockets 74–2374, 74–2435.

United States Court of Appeals, Second Circuit.

Argued Jan. 22, 1975.

Decided March 3, 1975.

* Honorable Donald E. Lane, Judge, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

Stephen Gillers, New York City (Elliot A. Taikeff, New York City, of counsel), for plaintiffs-appellants.

Gainsburg, Gottlieb, Levitan & Cole, New York City (Samuel Gottlieb, Alan C. Krieger, New York City, of counsel), for plaintiff-intervenor-appellant.

A. Seth Greenwald, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. for the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendant-appellee Ghezzi and Attorney General, pro se.

William P. DeWitt, Adrian P. Burke, Corp. Counsel, New York City, for defendants-appellees Katz, Irizarry and New York City Bd. of Elections.

Dikman & Botter, Jamaica, N. Y., for New York City Family Court Judges' Ass'n, amicus curiae.

Miller, Singer, Michaelson & Raives, New York City (Alfred Miller, Stephen L. Solomon, New York City, of counsel), for American Ass'n of Retired Persons, amicus curiae.

Before LUMBARD, HAYS and MULLIGAN, Circuit Judges.

PER CURIAM:

Philip J. Zichello, one of the named plaintiffs in this action commenced in the United States District Court for the Southern District of New York, was a Judge of the Civil Court of the City of New York, elected for a term which commenced on January 1, 1970. Although the normal term of office for this position is ten years, the New York State Constitution (Art. 6, § 25) and the Judiciary Law, McKinney's Consol.Laws, c. 30 (§ 23) provide for mandatory retirement at the age of 70. Since Judge Zichello was born in 1904, his term expired under state law on the last day of December, 1974. The second named plaintiff, Pietro C. Rubino, is a voter over 70 who alleges that he voted for Zichello. The intervenor, Harry T. Nusbaum, is also a Judge of the Civil Court of the City of New York who was elected on November 4, 1969 but who will become 70 in 1978, which will result in his mandatory retirement on December 31, 1978, or one year prior to the end of the normal ten-year term. The complaint below sought preliminary and permanent injunctive relief against the enforcement of the cited state constitutional and statutory provisions as violative of the First and Fourteenth Amendments of the United States Constitution, and further sought the convening of a three-judge district court pursuant to 28 U.S.C. §§ 2281 & 2284. Rubino also sought class action treatment as the representative of all voters over 70 in the state, as well as all persons who voted for Judge Zichello. On the return day of an order to show cause, October 18, 1974, Judge Thomas P. Griesa of the United States District Court for the Southern District delivered an opinion finding that there was no substantial federal question

which would justify the convening of a three-judge court and dismissed the complaint. This appeal followed.

The question before us is whether, under the rule of Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), the district court properly determined that the constitutional grounds raised by the plaintiffs were wholly insubstantial and frivolous. We are of the opinion that the issue of age restrictions upon the term of office of state judges is properly one for the legislative or electoral processes of the State of New York and that the effort to clothe it in constitutional garb is frivolous. We therefore affirm the dismissal of the complaint.

The cases primarily relied upon by the plaintiffs to establish the First Amendment rights of the candidate to run for office and of the voter to be free to elect aged candidates (Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968); Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); Communist Party v. Whitcomb, 414 U.S. 441, 94 S.Ct. 656, 38 L.Ed.2d 635 (1974); and Storer v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974)) all involved restrictions upon access to the ballot, which is not the issue here. The judges seeking relief here were on the ballot and no one was precluded fron voting for them. Both took office for a term clearly established by the legislature and the state constitution and they are properly subject to the conditions imposed by the state upon the length of the term. Gordon v. Leatherman, 450 F.2d 562, 565 (5th Cir. 1971). We find no authority at all which would support the contention that Rubino as a citizen over 70 has any constitutional right to vote for the elderly. We do not deem age to be a suspect classification requiring any strict scrutiny of the state's scheme of age restrictions upon judicial terms of office. See

Weiss v. Walsh, 324 F.Supp. 75 (S.D.N.Y. 1971), aff'd, 461 F.2d 846 (2d Cir. 1972), cert. denied, 409 U.S. 1129, 93 S.Ct. 939, 35 L.Ed.2d 262 (1973). It would appear that without question the state could rationally determine that, in the interests of judicial efficiency and the encouragement of younger attorneys with judicial aspirations, a mandatory age limitation of 70 for inferior court judges was reasonable.

The claim that the mandatory retirement age violates the due process and equal protection clauses is, we believe, clearly insubstantial in view of the holding of the Supreme Court in McIlvaine v. Pennsylvania, 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884 (1974). The Court there dismissed, for want of a substantial federal question, an appeal from the Pennsylvania Supreme Court which upheld a state law requiring retirement of police at age 60. On the basis of that decision, a three-judge court for the District of Columbia in Weisbrod v. Lynn, 383 F.Supp. 933 (1974) dismissed a complaint which sought a declaratory judgment that the Federal Employee Mandatory Retirement Law, 5 U.S.C. § 8335, was unconstitutional because it mandates a 70-year-old retirement age for federal employees irrespective of the health or mental abilities of the employee. The court there examined the Jurisdictional Statement in *McIlvaine* and concluded, as we have here, that the issues of equal protection and due process * were before the Court in *McIlvaine*, and that the Supreme Court did not consider those issues to present a substantial federal question. An appeal was taken to the Supreme Court from the decision in *Weisbrod* and the Court affirmed the dismissal of the complaint. —— U.S. ——, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975). Since the issues before us are substantially similar, if not identical, to those

---

* Appellants' principal due process argument is founded upon the irrebuttable presumption doctrine, Cleveland Bd. of Educ. v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), which has been said to resemble equal protection analy-

sis, Cleveland Bd. of Educ. v. LaFleur, *supra*, 414 U.S. at 652, 94 S.Ct. 791 (Powell, J., concurring in result); Note, The Irrebuttable Presumption Doctrine in the Supreme Court, 87 Harv.L.Rev. 1534 (1974). The *Weisbrod* court was faced with the same argument.

presented in *Weisbrod* and *McIlvaine*, we believe that the court below correctly concluded that there was no substantial federal question and properly dismissed the complaint.

Affirmed.