Donald TALBOT, Plaintiff-Appellant,

v.

John S. PYKE, Individually and in his official capacity as President of the Board of Commissioners of the Cleveland Metropolitan Park District, et al., Defendants-Appellees.

No. 75–1598.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 9, 1975.

Decided April 15, 1976.

Wilma A. Sevick, Douglas L. Rogers, Edward R. Stege, Jr., H. M. Cochran, Jr., Cleveland, Ohio, for plaintiff-appellant.

Walter C. Kelley, Kelley, McCann & Livingstone, Michael L. Gordon, Steven N. Bulloch, Cleveland, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

At age 77 Donald Talbot was retired as an employee of the Cleveland Metropolitan Park District, a political subdivision of the State of Ohio, established pursuant to Chapter 1545 of the Ohio Revised Code. He filed a complaint under 42 U.S.C. § 1983, charging that the Park District's policy of requiring retirement at age 70 deprives him of his constitutional rights. He contends that he was denied due process and equal protection of the law as the victim of an irrebuttable presumption of physical incapacity without an opportunity to show that in fact he could continue to perform his duties.

The District Court granted the cross-motion of defendants for summary judgment. We affirm.

In 1961, when he was 63 years of age, Talbot was hired by the Park District on a part time basis as a golf starter. He had retired from his previous job because of a physical disability. He worked during the summers of 1961 and 1962, then took off a year. He returned to work for the Park District as a golf ranger beginning in 1964.

Talbot is a member of Ohio's Public Employee Retirement System ("PERS"), established pursuant to Chapter 145 of the Ohio Revised Code. The PERS system provides monetary benefits at retirement. Talbot made contributions to the system throughout all of his years as an employee of the District. Under the PERS system, the Park Board is authorized to terminate an employee after he has reached the age of 70. See § 145.32, Ohio Revised Code.

At his request, Talbot was permitted to work beyond the age of 70. In 1973 the Park District made a review of its personnel policies and adopted a rule that no employee would be granted permission to continue in employment beyond the June

30th prior to which he has attained 70 years of age. Talbot and seven other Park District employees over the age of 70 requested that they be permitted to work through the 1973 golf season. The District suspended the policy and granted these employees their request.

After a period of illness between November 1973 and March 1974, Talbot requested that the District continue to employ him for the 1974 golf season. The request was denied and this litigation ensued.

Talbot contends that he has been denied due process because of the irrebuttable presumption of physical incompetency at age 70, relying on *Cleveland Board of Education v. LaFleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), and *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). We hold that these decisions have no application in the present case for the reasons stated by the Supreme Court in *Weinberger v. Salfi,* 422 U.S. 749, 771–72, 95 S.Ct. 2457, 2469–70, 45 L.Ed.2d 522, 542–43 (1975).

■ An employee does not have a constitutionally protected right to public employment or a property interest in reemployment. *Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972); *Orr v. Trinter,* 444 F.2d 128 (6th Cir. 1971), *cert. denied,* 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (1972).

■ In two recent cases the Supreme Court has affirmed decisions upholding the validity of mandatory retirement systems. *See Cannon v. Guste,* 423 U.S. 918, 96 S.Ct. 257, 46 L.Ed.2d 245, 44 U.S.L.W. 3257 (1975), *aff'g,* (E.D.La.1975); and *Weisbrod v. Lynn,* 420 U.S. 940, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975), *aff'g,* 383 F.Supp. 933 (D.D.C.1974).

The Court recently heard arguments in the case of *Massachusetts Bd. of Retirment v. Murgia,* an appeal from 376 F.Supp. 753 (D.Mass.1974), involving the mandatory retirement of a police officer at the age of 50. *See* 44 U.S.L.W. 3353 (U.S. Dec. 16, 1975).

In *Rubino v. Ghezzi,* 512 F.2d 431 (2d Cir. 1975), *cert. denied,* 423 U.S. 891, 96 S.Ct. 187, 46 L.Ed.2d 122 (1975), the court held that the issue of age restrictions upon the term of office of New York State judges was properly one for legislative or electoral process of that State. The claim that a mandatory retirement age of 70 for state judges violated the due process and equal protection clauses was held to be insubstantial and not to warrant the convening of a three judge court. The court said:

We do not deem age to be a suspect classification requiring any strict scrutiny of the state's scheme of age restrictions upon judicial terms of office. See *Weiss v. Walsh,* 324 F.Supp. 75 (S.D.N.Y.1971), aff'd, 461 F.2d 846 (2d Cir. 1972), cert. denied, 409 U.S. 1129, 93 S.Ct. 939, 35 L.Ed.2d 262 (1973). It would appear that without question the state could rationally determine that, in the interests of judicial efficiency and the encouragement of younger attorneys with judicial aspirations, a mandatory age limitation of 70 for inferior court judges was reasonable.

The claim that the mandatory retirement age violates the due process and equal protection clauses is, we believe, clearly insubstantial in view of the holding of the Supreme Court in *McIlvaine v. Pennsylvania,* 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884 (1974). The Court there dismissed, for want of a substantial federal question, an appeal from the Pennsylvania Supreme Court which upheld a state law requiring retirement of police at age 60. On the basis of that decision, a three-judge court for the District of Columbia in *Weisbrod v. Lynn,* 383 F.Supp. 933 (1974) dismissed a complaint which sought a declaratory judgment that the Federal Employee Mandatory Retirement Law, 5 U.S.C. § 8335, was unconstitutional because it mandates a 70-year-old retirement age for federal employees irrespective of the health or mental abilities of the employee. The court there examined the Jurisdictional Statement in *McIlvaine* and concluded, as we have here, that the issues of equal protection and due process were before

the Court in *McIlvaine,* and that the Supreme Court did not consider those issues to present a substantial federal question. An appeal was taken to the Supreme Court from the decision in *Weisbrod* and the Court affirmed the dismissal of the complaint. 420 U.S. 940, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975). 512 F.2d at 433.

The irrebutable presumption contention was disposed of by the Second Circuit in the following footnote:

Appellants' principal due process argument is founded upon the irrebuttable presumption doctrine, *Cleveland Bd. of Educ. v. LaFleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), which has been said to resemble equal protection analysis. *Cleveland Bd. of Educ. v. LaFleur, supra,* 414 U.S. at 652, 94 S.Ct. 791 [39 L.Ed.2d 52] (Powell, J., concurring in result); Note, The Irrebuttable Presumption Doctrine in the Supreme Court, 87 Harv.L. Rev. 1534 (1974). The *Weisbrod* court was faced with the same argument. 512 F.2d at 433.

The affidavit of Daniel G. Lawrence, a member of the Industrial Relations Association of Chicago, in the present case states as follows:

I believe a mandatory retirement policy is essential to effective manpower planning. This policy allows management to plan the training and advancement of employees through the organization, promoting a policy of upward progression and recognition of performance thereby providing employee motivation, as well as providing the means for less-tenured employees to plan their goals for advancement on a time-oriented basis and within the organization. This time-oriented and planned approach is essential if an organization is to achieve continuity through the retention and advancement of its key personnel. At the same time, a mandatory retirement policy establishes a fair and just procedure and establishes a time frame so that as employees become more senior they may plan their personal goals within the organization while allowing for preparedness and planning for retirement.

Mandatory retirement policies are not a new development in the law. In 1920 Congress established age 70 as the mandatory retirement age for the United States Civil Service. This requirement, embodied in 5 U.S.C. § 8335, was held to be constitutional by the Supreme Court in *Weisbrod v. Lynn, supra.* Its legislative history provides further guidance as to why mandatory retirement rules were found to be necessary. One of the reasons for the adoption of 5 U.S.C. § 8335, which is virtually identical to the policy here in question, was that the prior civil service system, which had no mandatory retirement provision, did not work well at all. The Senate Report made this clear:

"To the extent that the employee, drawing the regular salary which his position commands, is unable to perform fully or efficiently the work of the average person in a like position, such employee is a pensioner of the government and, as above indicated, the attention of your committee has been called to many cases where the service rendered by the employee was so slight that he is practically a pensioner to the full amount of his salary  .   .   .

The system is unjust to the head of department or bureau charged with the responsibility of the efficient and economic management of the business of such department or bureau. Few would say that the human sympathy which retains the aged employee after his usefulness is gone in whole or in part is not without commendation, and yet the public demands, and rightfully, that the public business be conducted both economically and efficiently. Again and again have heads of departments recommended that a law be enacted which would require retirement at a given age and, at the same time, make such just provisions for the material needs of the retired employee as will secure him against actual want.

Any system which permits the public business to be carried on without fulfilling this requirement is unjust to the public." S.Rep.No.99, 66 fn. Congress 1st Sess. 3 (1919).

We conclude that the District Court was correct in granting the cross-motion for summary judgment. The judgment is affirmed. The costs on this appeal are taxed against appellant.