**Minnie "Betty" I. McCOWAN**

v.

**Julia TUCKER, et al.**

**Civ. No. 3–82–487.**

United States District Court,
E.D. Tennessee, N.D.

Nov. 16, 1982.

**32**

W.P. Boone Dougherty, Knoxville, Tenn., for plaintiff.

Robert H. Watson, Jr., Knoxville, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action pursuant to 42 U.S.C. § 1983 alleging violations of constitutional due process and equal protection rights. The case is before the Court on defendants' motion to dismiss for failure to state a claim on which relief can be granted. As the Court has considered matters outside plaintiff's pleadings, the motion will also be treated as one for summary judgment. Fed.R.Civ.P. 12(b).

Plaintiff alleges that the City of Knoxville Board of Education advertised for an opening for the position of Director of Special Education in the city school system. She claims she applied and was qualified for the position. Plaintiff says that defendants hired a candidate who did not meet the required professional qualifications for Director. The complaint alleges in pertinent part:

> The selection process employed and initiated by the defendants was arbitrary, capricious, illegal and unreasonable and denied the plaintiff of equal protection and due process of law. The hearings she was granted for both interview and hearing of her grievance violated even the minimum due process requirements.

In order for plaintiff to state a claim under the due process clause of the fourteenth amendment, she must allege the deprivation of a liberty or property interest. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). An employee does not have a constitutionally protected right to public employment or even a property interest in reemployment. *Talbot v. Pyke,* 533 F.2d 331, 332 (6th Cir.1976), *citing, Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Supreme Court in *Board of Regents v. Roth* defined the property interest as follows:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . .

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .

*Id.* at 577, 92 S.Ct. at 2709.

Here, plaintiff's only interest in the directorship was the filing of an application for the job. She simply claims defendants arbitrarily violated their own hiring criteria, to her detriment.

Plaintiff argues that since she was the only applicant meeting the hiring standards, she has a legal entitlement to the position. She cites *Goldberg v. Kelly* for this proposition. 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In *Goldberg,* however, all qualified applicants for welfare benefits were entitled to benefits, pursuant to the statute defining eligibility. In this case, however, plaintiff has identified no existing rule or understanding that creates an entitlement to all applicants with capable credentials. *See Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. The fact that plaintiff believes she is the only qualified applicant creates no more than a unilateral expectation of being selected.

This expectation is not property protected by the due process clause. *See Id.*

■ Liberty interests are implicated "where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him." *Id.* at 573, 92 S.Ct. at 2707. Plaintiff does not allege such an interest. Neither does she claim that defendants' actions imposed a stigma foreclosing her freedom to take advantage of public employment opportunities. *Id.* Plaintiff's due process claim is therefore without merit.

■ We note that plaintiff admits she was given notice of the decision not to hire her and an opportunity to appeal the decision. Indeed, exhibits filed with defendants' response indicate defendants gave plaintiff's complaint considerable attention at the local administrative level. Her attorney even appeared before the Board of Education on her behalf. If plaintiff was entitled to any process in this case, we believe defendants complied with all requirements.

■ Plaintiff also says defendants' actions violated the equal protection clause of the fourteenth amendment. She does not, however, assert the existence of any suspect classification or the deprivation of any fundamental constitutional right. *See Harrah Independent School District v. Martin,* 440 U.S. 194, 199, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1979); *see also, Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Plaintiff states that age was a factor in the hiring decision. We note, however, that the age difference between plaintiff and the chosen candidate of fifteen years is not substantial and does not of itself raise a constitutional claim. Likewise, plaintiff does not allege compliance with the procedural prerequisites for a statutory claim of age discrimination, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

■ The only other classification alleged is that of "qualified" and "unqualified" applicants. The Constitution does not grant plaintiff a right to federal review of the merits of such a claim. In *Bishop v. Wood,* the Court held that a city policeman had no property interest in his position. 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684. Even a false reason for discharge did not raise a constitutional issue. *Id.* Plaintiff's allegations of arbitrary action in the instant case are virtually identical to the plaintiff's claim in *Bishop.* Justice Stevens' apt appraisal of the situation in *Bishop* applies equally to the instant case:

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways.

*Id.* at 349–350, 96 S.Ct. at 2079–2080.

For the reasons stated, it is ORDERED that defendants' motion to dismiss be, and the same hereby is, granted.

Order Accordingly.