In the Matter of the Application of FRANKLIN FORD, Appellant, for a Peremptory Mandamus Order against FREDERICK O'BYRNE, Commissioner of Jurors of New York County, Respondent.

First Department, November 25, 1927.

Jurors — qualifications — mandamus to direct commissioner of jurors to replace petitioner's name on jury list in New York county — only qualification under Judiciary Law, § 598, applicable is that juror must be "intelligent"— Civil Rights Law, § 13, prohibits disqualification on account of "creed"— error to strike off name because of religious prejudices.

The plaintiff is entitled to a peremptory order of mandamus directing the commissioner of jurors to replace his name upon the list of jurors for New York county. Under section 598 of the Judiciary Law the only ground upon which this petitioner could be disqualified was that he was not "intelligent." While the commissioner of jurors is the sole judge of the qualifications of jurors and must strike off the name of a person not qualified as provided by sections 601 and 604 of the Judiciary Law, he cannot strike off the name of a person on the ground of his "creed," for that is prohibited by section 13 of the Civil Rights Law. It was error, therefore, for the commissioner of jurors to strike off the petitioner's name on the ground that he was a man of violent religious prejudices; bigotry does not disqualify a juror.

APPEAL by the petitioner from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 18th day of May, 1927.

*Walter Fairchild* of counsel [*Bryan Hamlin* with him on the brief], for the appellant.

*Robert P. Beyer,* Deputy Attorney-General [*Albert Ottinger,* Attorney-General], for the respondent.

PER CURIAM. This is an appeal from an order denying the application of Franklin Ford for a peremptory order of mandamus directing the commissioner of jurors to replace his name upon the list of jurors for the county of New York, from which the commissioner had stricken it.

The qualifications of a juror in New York county are set forth in section 598 of the Judiciary Law. The only one applicable to the present situation is that he must be " intelligent." By section 601 the commissioner of jurors is made the sole judge of the qualifications of trial jurors, subject to the right of challenge at a particular trial. By section 604 it is made the duty of the commissioner of jurors to strike from the list the name of a person who is found by him to be disqualified and he must record his reason for such action. By section 13 of the Civil Rights Law it is provided that no citizen otherwise qualified shall be disqualified as a juror on account of " creed." The record does not disclose what reason the commissioner of jurors entered for striking the name of Mr. Ford from his list. The only possible basis for holding Ford disqualified was that he was not " intelligent." The facts set forth in the answer of the commissioner of jurors made out *prima facie* that Ford was a man of violent religious prejudices. The question for us is whether this justified the commissioner in finding him not " intelligent." In view of the above-quoted prohibition in the Civil Rights Law against disqualification by reason of creed, we think the connotation of the word " intelligent " should be narrowed to exclude this interpretation. The court should be astute to preserve the integrity of this provision of the Civil Rights Law and should not approve a definition of intelligence which would exclude a man from jury service by reason of his beliefs. " Intelligent " as used in the Judiciary Law means possessed of ordinary information and reasoning faculty.

A man cannot be removed from the jury list merely because of bigotry that runs counter to fundamentals of religious toleration and freedom. American liberty extends the protection of the law even to those who are false to its principles.

For these reasons the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a peremptory mandamus granted, with ten dollars costs.

Present — DOWLING, P. J., FINCH, McAVOY, O'MALLEY and PROSKAUER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.