The State of Ohio, Appellee, *v.* Johnson, Appellant.
(Two cases.)

(Nos. 7397 and 7398—Decided November 19, 1963.)

*Mr. Thomas W. Maxson,* for appellee.
*Mr. William J. Lohr,* for appellant.

Bryant, J.  Two affidavits were filed in the Columbus Municipal Court in which the state of Ohio, appellee herein, was plaintiff, and Betty L. Johnson, appellant herein, was defendant.  Each of them alleged that Mrs. Johnson, on February 18, 1963, within the city of Grandview Heights violated a provision of Chapter 3732 of the Revised Code dealing with "Food Service Operations."

In our case No. 7397 (Municipal Court No. 5867) the affidavit was endorsed on the back with the words "License Required," after which appeared "Sec. 3732.03 R. C."  This affidavit alleged in part as follows:

"Thomas Williams * * * saith that one Betty Johnson on or about the 18 day of February A. D. 1963, at the city of Grand-

view Heights, * * * did unlawfully serve food without first having obtained a permit from the Board of Health to do so, in violation of Sec. 3732.03 R. C. * * *."

In our case No. 7398 (Municipal Court No. 5868) the affidavit was endorsed on the back with the word "Inspection," after which appeared "Sec. 3732.05 R. C." This affidavit alleged in part as follows:

"Thomas Williams * * * saith that one Betty Johnson on or about the 18 day of February A. D. 1963, at the city of Grandview Heights * * * did unlawfully refuse to admit Thomas Williams, Health Inspector to the premises of 1332 Fairview Avenue, for the purposes of inspecting for the service of food under Sec. 3732.05 R. C. * * *."

Mrs. Johnson was arraigned, entered pleas of not guilty to both charges and was tried in the Columbus Municipal Court on April 26, 1963. The penalty for violating the provisions of Chapter 3732, Revised Code, is provided in Section 3732.99 reading as follows:

"Whoever violates Sections 3732.02 to 3732.07, inclusive, of the Revised Code shall be fined not more than ten dollars for each day that such violation is continued."

Under the provisions of Section 2945.17 of the Revised Code, the right to a jury trial does not exist unless the possible penalty exceeds $50. The two charges against Mrs. Johnson were tried to the court. Three witnesses were called on behalf of the state and two exhibits, both objected to by counsel for Mrs. Johnson, were offered and admitted into evidence.

In our case No. 7397, hereinafter sometimes called the "No Permit" case, "the court sentenced the defendant to pay a fine of $490.00 and costs," overruling a motion for a new trial and in arrest of judgment.

In our case No. 7398, hereinafter sometimes called the "Inspection" case, the "court sentenced the defendant to pay a fine of $10.00 and costs," overruling a motion for a new trial and in arrest of judgment.

On appeal to this court, Mrs. Johnson assigns nine errors in the trial of the two cases in the court below, the first three relating to the "No Permit" case, the next two relating to the "Inspection" case, and the last four relating to both cases.

As heretofore indicated, the two cases were ordered con-

solidated for trial in the court below, and no effort was made to separate or distinguish the testimony offered in the two cases. The two cases were consolidated for briefing and argument in this court, and both will be dealt with in this opinion, being distinguished where appropriate.

We shall consider first the "Inspection" case. The fourth assignment of error in substance is that the facts alleged in the affidavit in this case do "not constitute a violation of Section 3732.05 R. C. and the affidavit is void." Counsel for Mrs. Johnson contends that the provisions of the last-named section which, after making it a duty of the proper health agency to inspect "every food service operation which comes within the provisions of Sections 3732.02 and 3732.08, inclusive, of the Revised Code," also provides "and for that purpose to have the right of entry thereto at any reasonable time" does not make it a criminal offense for a person to refuse entry to these representatives.

The fifth assignment of error in substance is that Mrs. Johnson's conviction in the "Inspection" case was against the weight of the evidence. As we view the evidence, it seems clear that Mrs. Johnson was not shown to have taken any part in the alleged refusal to admit the health inspector. On the contrary, it appears that Mrs. Johnson was not at home at the time of the visit by the health inspector and there is no evidence to show or indicate any agency on the part of the person who did in fact open the door. We might also observe that although the "Inspection" charge appears to be founded upon the provisons of Section 3732.05, Revised Code, dealing with inspections and that section number appears at the top of the transcript, the transcript shows as follows:

"Charge: Viol. Sec. 3732.*03* R. C. This day this cause came on for hearing * * *: thereupon the court proceeded to hear the evidence adduced upon both sides, and after being fully advised in the premises, the court finds the defendant guilty as charged in the affidavit; * * *." (Emphasis added.)

In each of two further entries appearing in the official transcript following the entry just above quoted, there appears at the heading of each the following:

"Charge: Viol. Sec. 3732.*03* R. C." (Emphasis added.)

As above pointed out, the affidavit in the "Inspection" case

deals only with alleged refusal to admit the health inspector and it is dealt with, if at all, by the provisions of Section 3732.05, Revised Code. We are unable to imagine a situation where the affidavit and evidence in the "Inspection" case would warrant a court to find a person guilty of violating Section 3732.03, Revised Code.

As we view it, both the fourth and fifth assignments of error are well taken, must be sustained, the judgment of the court below must be reversed, the finding of guilty set aside and final judgment entered in favor of Mrs. Johnson.

There remain the errors assigned with reference to the "No Permit" case. The first three errors assigned in substance are as follows: First, the facts alleged in the affidavit are not sufficient to charge a violation of Section 3732.03, Revised Code; second, the judgment of conviction is against the weight of the evidence and contrary to law; and third, the court erred in imposing a fine of $490 on Mrs. Johnson, where the affidavit alleged only a one-day violation and the proof was confined to one day.

As we view the evidence in this case (Assignment No. 2), there was insufficient evidence to connect Mrs. Johnson with anything alleged to have taken place. No agency was shown and it is clear that Mrs. Johnson was not shown to have been in the place when the health inspector visited it.

Also, there was a total absence of any evidence that anyone paid any consideration for the food and, so far as the record is concerned, one or more of the children observed could have been a part of the family residing there or could have brought their own lunches. The importance of proof that some consideration was paid arises from the language in Section 3732.01, Revised Code, defining "a food service operation" as "any place which is kept or maintained for the purpose of preparing or serving meals or lunches *for a consideration* * * *." (Emphasis added.)

Assignment of error No. 3 relates to the imposition of a fine of $490 in the "No Permit" case. Heretofore, we have set forth the material portions of the affidavit in that case and also the provisions of Section 3732.99, Revised Code, providing a fine of "not more than ten dollars for each day that such violation is continued."

The affidavit charged a violation alleged to have taken place "on or about the 18 day of February A. D. 1963." It did not refer to any other day nor was there any testimony whatsoever in the record that this defendant committed any act or violation on any other day. That being the case, the court below committed prejudicial error in imposing the fine of $490.

Assignment of error No. 6 relates to testimony of the health commissioner, it being claimed that the court improperly permitted him to relate the substance of conversations in the absence of the defendant. In our opinion, it was error to admit this testimony. This assignment relates to both the "No Permit" case and the "Inspection" case and is well taken.

Assignment of error No. 7 relates to the claimed error of admitting into the record Exhibit No. 2, being the minutes of the board of health. The objectionable part of these minutes relates to alleged violations of law reported to the board and it would appear that the board ordered the health commissioner to "take such action as is necessary to prevent the continuation of this operation."

Assignment of error No. 8 relates to the overruling of appellant's motion for a new trial, and assignment of error No. 9 relates to the overruling of appellant's motion for arrest of judgment.

This court being of the opinion that prejudicial error has intervened as above set forth and that the errors assigned are well taken and should be sustained, it is ordered that the judgment of the court below be reversed, that the conviction of Betty L. Johnson in each case be set aside and held for naught, and that the fines attempted to be imposed also be set aside. In case No. 7398, the charge will be finally dismissed and in case No. 7397, the cause will be remanded.

*Judgments accordingly.*

Duffy, P. J., and Duffey, J., concur.

Duffey, J., concurring. The fourth assignment of error is that the affidavit in case No. 7398 does not state a crime. The charge rests on Section 3732.05, Revised Code. Apparently the theory is that this statute requires an appellant to consent to an entry of her home without a warrant by a person acting for

the department of health, or a city or general health district for the purpose of inspecting what in such person's opinion is a "food service operation," although no license had been issued for the premises. By applying Section 3732.99, Revised Code, the appellee contends that a refusal or denial of entry is a crime.

Section 3732.05, Revised Code, provides:

"It is hereby made a duty of the department of health or city or general health districts to inspect or cause to be inspected and recorded on a form prescribed by the department of health at least once annually, every food service operation which comes within the provisions of Sections 3732.02 to 3732.08, inclusive, of the Revised Code and for that purpose to have the right of entry thereto at any reasonable time."

On its face this statute is concerned solely with the duties and authority of public officials. Literally, it provides nothing with respect to private persons who are, or may be, engaged in a food service operation. In particular, it provides authority for an inspector to make an entry, but says nothing about how this is to be accomplished—*i. e.*, whether he must act with or without a warrant, make a prior demand, or show his identity and authority, etc. Further, there is a fundamental distinction between the power to refuse a license or revoke a license for lack of inspection, and the power to authorize an entry upon private premises without consent and without a warrant. There is authority that the state may provide for such an entry subject to various specific restrictions and in certain limited circumstances. See *Frank* v. *Maryland* (1959), 359 U. S., 360, 3 L. Ed. (2d), 877, 79 S. Ct., 804. However, the constitutional question is not yet free from doubt. See *Ohio, ex rel. Eaton,* v. *Price, Chief of Police* (1960), 360 U. S., 246, 3 L. Ed. (2d), 1200, 79 S. Ct., 978, and 364 U. S., 263, 4 L. Ed. (2d), 1708, 80 S. Ct., 1463.

I do not see how this statute can reasonably be interpreted as imposing a specific obligation upon the operator of an alleged food service operation to grant entry against her will and to one acting without a warrant. Without such an obligation, there is no violation which can be considered a crime under Section 3732.99, Revised Code. In my opinion, the affidavit does not state a crime, and case No. 7398 must be reversed and the proceedings dismissed.

I concur in the other conclusions of the principal opinion.