Frank S. Samansky, J.
Petitioner has been denied the opportunity to qualify as a juror in Kings County because of his total blindness. He insists that he meets the necessary qualifications and accordingly brings this proceeding to annul such determination. Petitioner has been totally blind since birth. This has not prevented him from earning an A.B. degree from the University of Michigan and the degrees of Master of Arts and Doctor of Philosophy from Columbia University nor has it precluded him from authoring the biography of John Purroy Mitchell, Mayor of the City of New York 1913-1917. He is at present an assistant professor in history and political science at Seton Hall University.
It is asserted that a great number of blind people, as a result of training and with the use of compensating techniques and devices, are serving in various professional capacities which require the same or greater capacity, skill and judgment than that which is required for effective service as a juror. Being sightless, it is urged, has not prevented them from performing exceptionally well as judges, lawyers, district attorneys, legislators, teachers, social workers and civil servants of high professional level and in spite of misconceptions, prejudice and fears of the public concerning the ability of the blind, more are being added to the many who have become independent and entered into the social and economic stream of life on a basis *1051 of equality in the sighted community. In addition, the petitioner submits that the blind tend to compensate their handicap by keenly developing the remainder of their senses, their powers of retention and their emotional sensitivity and thus they may be vis-a-vis the sighted less distracted, concentrate better and are more objective.
The qualifications of a juror in Kings County are set forth in section 596 of the Judiciary Law. Subdivision 4 thereof provides that he must “ Be in the possession of his natural faculties and not infirm or decrepit ” and subdivision 6 provides that he must be “ able to read and write the English language understandingly.” Under section 590 of the Judiciary Law and the rules in relation to the jury system in the City of New York adopted by the Appellate Divisions of the First and Second Departments pursuant to the provisions of section 592 of the Judiciary Law, the County Clerk of Kings County is made the sole judge of the qualification of jurors in Kings County subject to the right of challenge at a particular trial. The County Clerk asserts that the petitioner, being totally blind, does not fall within the standards set forth in the above subdivisions and, accordingly, the rejection of the petitioner as a juror was within the powers vested in him and not arbitrary.
In rebuttal the petitioner professes that with respect to subdivision 4 the phrase “ in possession of his natural faculties ” is one of ambiguity. Does it mean, it is inquired, that a person who lacks an arm, which is a natural faculty, is disqualified from jury service or does it mean that the infirmity which exists must, per se, prevent the rendition of efficient jury service? If the latter meaning is the one to be attributed to the phrase, then it is urged that lack of vision is not included therein since blindness does not ipso facto prevent the rendition of efficient jury service and to categorically say that all blind people are not in possession of their natural faculties shies away from reality.
The standard that the County Clerk is called upon to apply may be of ecumenical character but it is he who must initially construe and determine the limitations of the language of the statute. In Matter of Mounting & Finishing Co. v. McGoldrick (294 N. Y. 104, 108) the court said: “ Of course, statutory construction is the function of the courts ‘ but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administrating the statute must determine it initially, the reviewing court’s function is limited ’ (Board v. Hearst Publications, 320 U. S. 111, 131). The administrative determination is to be accepted by the courts ‘ if it has “ warrant in the record ’’ and a reasonable basis in law ’ (same *1052 citation). ‘ The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ’ (Rochester Tel. Corp. v. United States, 307 U. S. 125, 146).” I think it needs no lengthy discussion to state .that the conclusion reached by the County Clerk was reasonable and founded upon a completely rational basis. Clearly, the construction adopted is well suited to the purposes of the administration of the jury system in the City of New York and has a substantial and reasonable relation to a legitimate public purpose — to improve the caliber of jurors and to simplify and make more effective the administration of the jury system. The petitioner, as evidenced by his highly esteemed background, is more than qualified with respect to the caliber of persons sought for jury duty but it is apparent that to qualify him for such duty and to subject him to challenge would impede the administration of justice rather than make it more effective. In a community like Kings County, with notoriously congested court calendars, I cannot find it unreasonable to eliminate from the qualifying list those who, in a large proportion of cases, would be rejected by the court after time had been taken in examination to ascertain the disqualification. The County Clerk must have considerable latitude to cope with such matters and should not be hamstrung with doctrinaire requirements.
Even had the court differed with the wisdom of the County Clerk’s determination, it could “ not add to, or change, the provisions of the statute ” to achieve another result. Nor could it “ consider arguments based solely upon ethical grounds or upon supposed considerations of public policy. If any change in the law is thought desirable it must be sought from the legislature.” (Aurelio v. Cohen, 44 N. Y. S. 2d 145, 147, affd. 266 App. Div. 603, affd. 291 N. Y. 645.)
By reason of the above disposition the court need not examine whether or not the second ground set forth by the County Clerk as a reason for disqualifying the petitioner has any basis in law. The petition is accordingly dismissed.
In passing it should be noted that this proceeding is of unusual nature. The courts are usually confronted with applications to excuse citizens from jury duty. Unlike the petitioner who has confined his authorship to biography, these citizens author a variety of the most imaginative excuses to cast aside the obligation of this highly important civic requirement. In the extensive research into the question involved herein only one other-instance has been found in the reported cases in the State of New York where a person sought to be qualified as a juror. (See Matter of Ford v. O’Byrne, 222 App. Div. 50.) Ironically, the *1053 petitioner therein, a man of violent religions prejudices, was successful in his application to compel the then Commissioner of Jurors of New York to replace his name upon the list of jurors for the County of New York from which the Commissioner had struck it. The Appellate Division found that the sole basis that the Commissioner of Jurors could have had for the removal of the petitioner’s name was that he was not intelligent because of his beliefs; but, by reason of section 13 of the Civil Rights Law, which provides that no citizen otherwise qualified shall be disqualified as a juror on account of creed, a connotation of the word ‘ ‘ intelligent, ’ ’ which would exclude a man from jury service by reason of his beliefs, should not be approved.
Although petitioner has not been successful herein, his effort serves as an inspiration to all civic-minded people and lends itself to a reawakening of the desire to participate in civic affairs which many of our populace have permitted to become dormant.