**Martin O. WEISBROD, Appellant,**

v.

**James T. LYNN, Secretary of the Department of Housing and Urban Development, et al.**

**No. 73–1146.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 23, 1974.

Decided March 11, 1974.

Milton V. Freeman, Washington, D. C., with whom James A. Dobkin, G. Philip Nowak and Steven P. Lockman, Washington, D. C., were on the brief, for appellant.

Edwin E. Huddleson, III, Atty., Dept. of Justice, for appellee. Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, Robert E. Kopp and Joseph B. Scott, Attys., Dept. of Justice, were on the brief for appellee.

Before McGOWAN, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

Appellant, a long time federal employee who was mandatorily retired at age 70 under the requirements of 5 U.S. C. § 8335, brought suit in the District Court seeking to enjoin the enforcement of that statute on the ground of its alleged unconstitutionality. He moved the District Court to convene a three-judge court under 28 U.S.C. §§ 2281 and 2284. The District Court denied that motion (and simultaneously dismissed the complaint) because it thought that the complaint raised no substantial constitutional issue; and the only question before

us on this appeal is the correctness of that determination.[1]

The Supreme Court has made abundantly clear that a three-judge district court must be convened if the constitutional issues raised have a substantiality which takes them outside such characterizations as "obviously without merit," "wholly insubstantial, [or] legally speaking nonexistent," or unless "unsoundness so clearly results from previous decisions of this Court as to foreclose the subject." *See* California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938), and Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). In appellant's case, Cleveland Board of Education v. LaFleur, 414 U.S. 632, 657, 94 S.Ct. 791, 39 L.Ed.2d 52 (Rehnquist, J., dissenting) (decided January 21, 1974)—a decision which was not available to the District Court at the time of its ruling—is ample indication that appellant's challenge in this instance presents a constitutional issue of sufficient substance as to warrant consideration by a three-judge court.

The District Court's orders (1) denying appellant's motion to convene a three-judge court and (2) granting appellee's motion to dismiss with prejudice, are reversed; and the case is remanded to the District Court with instructions to convene a three-judge court.

[1]. At the time of appellant's forced retirement, he was continued in governmental service as a re-employed annuitant in the same job he had been performing, with the same total number of dollars being received by him each month from the Government. Since, contrarily, the complaint appeared to have alleged only reduction of income as appellant's injury, we questioned during oral argument whether appellant's continuing employment resulted in a case or controversy, and we asked the parties to submit supplemental memoranda on that issue. In the light of the representations made therein, we do not pursue the matter further.

In addition to the loss of his job tenure and the resulting loss of procedural protections accompanying that loss, which by themselves might only anticipate a possible

case or controversy in the future, appellant identifies in his supplemental memorandum a number of specific immediate injuries, the existence of which are essentially unchallenged by the Government in its reply. First, although the "re-employed annuitant" salary provides the same compensation as that attained on the date of retirement, appellant no longer qualifies for the periodic pay increases within his GS level. Second, since pension levels are a function of the three highest consecutive years of salary, appellant's frozen salary also freezes his pension. Lastly, appellant's life insurance rights are also calculated by reference to salary, and appellant asserts that he has been deprived of $2,000.00 of coverage by virtue of his change in status.