**John Martin CONNOR, Appellant,**

v.

**Terrell D. HUTTO et al., Appellees.**

**No. 74–1570.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1975.

Decided May 28, 1975.

Jack T. Lassiter, Asst. Atty. Gen., Little Rock, Ark., for appellant.

James E. Davis, Texarkana, Ark., for appellees.

Before JOHNSEN, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

13. *See* P. Daussa Corp. v. Sutton Cosmetics (P.R.) Inc., 462 F.2d 134, 136 (2nd Cir. 1972).

STEPHENSON, Circuit Judge.

This appeal concerns the precedential effect of a dismissal of a direct state criminal appeal by the United States Supreme Court for want of a substantial federal question.[1] We hold that such a dismissal is an actual adjudication for purposes of 28 U.S.C. § 2244(c) that precludes subsequent federal habeas corpus relief. We further hold that such a dismissal constitutes a finding of insubstantiality that is, absent subsequent doctrinal developments to the contrary by the Supreme Court, binding on lower federal courts for purposes of three-judge court consideration under 28 U.S.C. § 2281. Accordingly, we affirm.

Appellant Connor was convicted in Arkansas state court of violating the Arkansas sodomy statute, Ark.Stat.Ann. § 41–813 (Repl.1964).[2] Prior to his trial, Connor moved to dismiss the information filed against him on the ground that the statute was unconstitutionally vague and that it violated his First, Ninth and Fourteenth Amendment rights under the Constitution. Following his conviction and the imposition of a three-year sentence, Connor urged the same grounds to the Arkansas Supreme Court and further argued that the act for which he was charged, namely fellatio, was not in fact prohibited by any Arkansas statute. That court confirmed his conviction in Connor v. State, 253 Ark. 854, 490 S.W.2d 114 (1973). On direct appeal to the United States Supreme Court pursuant to 28 U.S.C. § 1257, the case was dismissed for want of a substantial federal question. Connor v. Arkansas, 414 U.S. 991, 94 S.Ct. 342, 38 L.Ed.2d 230, rehearing denied, 414 U.S. 1138, 94 S.Ct. 884, 38 L.Ed.2d 763 (1973).

Subsequent to that dismissal, appellant Connor filed suit in federal district court seeking to enjoin the state of Arkansas from incarcerating him as a result of his sodomy conviction. Connor also asked that a three-judge panel be convened pursuant to 28 U.S.C. § 2281 for the purpose of determining the constitutionality of the Arkansas sodomy statute. In an amendment to this complaint, Connor added a claim seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a declaration that his conviction was void. In a memorandum and order dated June 17, 1974, the district court[3] dismissed appellant's complaint for lack of jurisdiction. This appeal followed.

■ Appellant initially contends here that the district court erred in dismissing his claim for habeas corpus relief under § 2254. He claims that a dismissal for want of a substantial federal question by the Supreme Court is not an actual adjudication of the merits of his case for purposes of § 2244(c) that precludes relitigation of those issues under § 2254. We disagree.

■ The Second Circuit, in United States ex rel. Epton v. Nenna, 446 F.2d 363 (2d Cir. 1971), considered the effect of such a dismissal by the Supreme Court and concluded that it was "a decision on the merits of those issues raised on appeal" and thus was binding on the federal court in a subsequent habeas proceeding involving the same constitutional claims. Id. at 366 (footnotes omitted). See Ohio ex rel. Eaton v. Price, 360 U.S. 246, 79 S.Ct. 978, 3 L.Ed.2d 1200 (1959) (Brennan, J.); Ahern v. Murphy, 457 F.2d 363 (7th Cir. 1972). See also Smith v. Slayton, 369 F.Supp. 1213, 1215–16 (W.D.Va.1973). These cases are dispositive here. Since the issues Connor raised in his habeas corpus petition were previously considered by the Supreme Court and found to be constitutionally insubstantial, the district court properly dismissed his petition.[4]

1. See Supreme Court Rule 16(1)(b).

2. 41–813. Sodomy or buggery—Penalty.—Every person convicted of sodomy, or buggery

3. The Honorable Oren Harris, United States District Judge for the Eastern District of Arkansas.

shall be imprisoned in the penitentiary for a period not less than one (1) nor more than twenty-one (21) years.

4. We also reject appellant's contention that the rationale from Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), is

Appellant also urges that the district court erred in dismissing his attempt to have the constitutionality of the Arkansas sodomy statute determined by a three-judge court. We hold that appellant's request for the convening of a three-judge court was properly denied.

■ Under 28 U.S.C. § 2281 a single judge must determine whether the federal constitutional claims are substantial ones that justify convening a three-judge panel. Potter v. Meier, 458 F.2d 585 (8th Cir. 1972). In the instant case the district court found correctly that the Supreme Court's dismissal of appellant's appeal for want of a substantial federal question constituted a finding of insubstantiality that was controlling for purposes of § 2281. Heaney v. Allen, 425 F.2d 869 (2d Cir. 1970).

The *Heaney* case also involved an attempt to convene a three-judge court following a Supreme Court dismissal for want of a substantial federal question. In discussing the effect of that dismissal, the Second Circuit noted that

> [W]e continue to hold our considered position that "unless and until the Supreme Court should instruct otherwise, inferior federal courts had best adhere to the view that if the Court has branded a question as unsubstantial, it remains so except when doctrinal developments indicate otherwise." Port Authority Bondholders Protective Committee v. Port of New York Authority, 387 F.2d 259, 263 & n.3 (1967).

See also California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Johnson v. New York State Education Dept., 449 F.2d 871, 874–80 (2d Cir. 1971).

■ There are no such subsequent doctrinal developments involving the constitutionality of sodomy statutes that alter the effect of the Supreme Court's dismissal in this case. The "right of privacy" rationale stressed by appellant has not been extended by the Court to include the right to engage in the conduct for which appellant was convicted here, namely, sodomy in a car parked on a public highway. *Cf.* Paris Adult Theatre I v. Slaton, 413 U.S. 49, 65–67, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). Nor has the Court held to be unconstitutionally vague a sodomy statute such as Ark. Stat.Ann. § 41–813, which flatly prohibits "sodomy" and "buggery." The conduct for which Connor was convicted has long been held to violate this statute. Carter v. State, 255 Ark. 225, 500 S.W.2d 368 (1973); Mangrum v. State, 227 Ark. 381, 299 S.W.2d 80 (1957); Havens v. State, 217 Ark. 153, 228 S.W.2d 1003 (1950). Thus, since appellant was on clear notice that his conduct was prohibited under the Arkansas sodomy statute, his attempt to have the law voided on grounds of constitutional vagueness is without merit. *See* Wainwright v. Stone, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).

Having found no subsequent doctrinal developments that suggest a change in the Supreme Court's approach to the issues involved herein, we hold that the dismissal of Connor's direct appeal acted to "inescapably render the claims frivolous" and bar the convening of a three-judge court. Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). *See also* Pordum v. Board of Regents, 491 F.2d 1281 (2d Cir. 1974).

Affirmed.

applicable here. In *Biggers* the Court stated that an affirmance of a state supreme court conviction by an equally divided vote of the United States Supreme Court would not bar a subsequent petition for habeas corpus relief. The Court carefully pointed out that such an affirmance merely represented that a majority of the Court could not reach any agreement on the issues of law presented in the case. 409 U.S. at 191–92, 93 S.Ct. 375, 34 L.Ed.2d 401. Conversely, a dismissal for want of a substantial federal question represents that a majority of the Court has agreed that the issues in the case are insubstantial. *See* Ohio ex rel. Eaton v. Price, 360 U.S. 246, 79 S.Ct. 978, 3 L.Ed.2d 1200 (1959) (Brennan, J.).