Nathan WERNICK, Plaintiff-Appellant,

v.

F. David MATTHEWS, Secretary, Health, Education and Welfare, et al., Defendants-Appellees.

No. 75–2144
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1975.
Rehearing Denied Dec. 31, 1975.

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5th Cir. 1970, 431 F.2d 409, Part I.

Stephen Cahen, A.C.L.U., Denise D. Schwartzman, Miami, Fla., for plaintiff-appellant.

Jonathan A. Weiss, New York City, for Legal Services for Elderly Poor, amicus curiae.

Robert W. Rust, U. S. Atty., Miami, Fla., Earl Sanders, Trial Atty., Office of Gen. Counsel, Civ. Service Comm., Heidi A Dellafera, Staff Atty., Office of Gen. Counsel, Dept. of H.E.W., Leonard Schaitman, Frederic D. Cohen, Appellate Section, Civ. Division, Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GEWIN, GOLDBERG and RONEY, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal from an order of a three-judge court dismissing appellant's complaint for failure to raise a substantial federal question. Appellant Wernick is a seventy year old Administrative Law Judge. He brought this action in the district court for declaratory and injunctive relief attacking as unconstitutional the Federal Employees' Mandatory Retirement Law, 5 U.S.C. § 8335, which provides for the automatic retirement of all federal employees who reach seventy years of age and complete fifteen years of service. He alleged below that the statutory scheme violates his rights under the Due Process Clause of the Fifth Amendment to notice, hearing, and impartial determination of incompetence prior to termination of employ-

ment. He further contended that a requirement of retirement only for those of seventy years of age who have completed fifteen years of service is violative of his rights to equal protection of the law.[1] A three-judge court, convened pursuant to 28 U.S.C. § 2282, dismissed appellant's complaint with prejudice for failure to raise a substantial federal question.

The three-judge court based its decision to dismiss on the Supreme Court's summary decision in *Weisbrod v. Lynn*, 420 U.S. 940, 95 S.Ct. 1319, 43 L.Ed.2d 420, *reh. den.*, —— U.S. ——, 96 S.Ct. 162, 46 L.Ed.2d 118 (1975). Appellant here challenges the propriety of the lower court's reliance on this summary affirmance, arguing that summary decisions like *Weisbrod* are of questionable value as precedent.

 Although neither party to this appeal seems troubled by the question of jurisdiction,[2] we are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits. If we lack jurisdiction, it is our duty to notice that fact *sua sponte*.

██ After full consideration it is our conclusion that a three-judge court was properly convened and that we do not have jurisdiction of an appeal from the judgment of that court. Review should be sought by appeal to the Supreme Court.

28 U.S.C. § 1253 vests in the Supreme Court jurisdiction over appeals from orders of three-judge courts denying injunctive relief:

Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges.

 The law dealing with the jurisdiction of three-judge courts and appellate jurisdiction arising from their decisions is a treacherous and fluid area of our jurisprudence. The Supreme Court itself has recognized that "[t]hese procedural statutes are very awkwardly drafted, and in struggling to make workable sense of them, the Court has not infrequently been induced to retrace its steps." *Gonzalez v. Employees Credit Union*, 419 U.S. 90, 95, 95 S.Ct. 289, 293, 42 L.Ed.2d 249, 255–56 (1975) (footnotes omitted). Moreover, the Court has consistently diminished the force and weight of the doctrine of *stare decisis* in the area of statutory three-judge court law. *Id.* at 95, 95 S.Ct. at 293, 42 L.Ed.2d at 255. *MTM, Inc. v. Baxley*, 420 U.S. 799, 802–803, 95 S.Ct. 1278, 43 L.Ed.2d 636, 640 (1975). We are not unmindful of the Supreme Court's admonition that § 1253 is to be given a narrow construction and that "the opaque terms and prolix syntax" of its provisions cannot be given a literal reading. *Gonzalez, supra*, 419 U.S. at 96–97, 95 S.Ct. at 293–294, 42 L.Ed.2d at 256–57. We also recognize the fact that an argument can be made that language in *Gonzalez* might support review by this court of the order now

1. Although the Equal Protection Clause of the Fourteenth Amendment applies only to the states, the Due Process Clause of the Fifth Amendment forbids discrimination which denies equal protection of the laws. *See, e. g., Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

2. The appellant fails to discuss the question of jurisdiction altogether. The Secretary relegates the issue to a footnote in which he admits that 28 U.S.C. §§ 1253 and 2282 "literally seem to vest jurisdiction over this appeal in the Supreme Court." The Secretary contends, however, that two recent Supreme Court decisions, *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974), and *MTM, Inc. v. Baxley*, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975), support appellant Wernick's choice of this court as the appropriate forum to decide this appeal. In addition the Secretary contends that the fact that the Supreme Court rendered a decision in *Weisbrod* does not undermine his contention. The *Weisbrod* decision is dismissed by the Secretary as "simply a transitional case issued in the midst of the Supreme Court's efforts to winnow out cases of dubious constitutional significance." *See* appellee's brief at 2–3, n.1.

before us. Nevertheless, we hold that jurisdiction over this appeal is properly lodged in the Supreme Court under § 1253. Our holding is premised both upon the Court's decision in *MTM* and upon the Court's post-*Gonzalez* assumption of jurisdiction in the substantially identical *Weisbrod* case.

The *Gonzalez* Court held that jurisdiction over an appeal from an order of a three-judge court dismissing a complaint for lack of standing was vested in the court of appeals. Citing *Ex Parte Poresky*, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), the Court reasoned that a three-judge court should not be convened when the district court lacks jurisdiction of the complaint or when the claim is not justiciable in the federal courts. Consequently, upon a finding of lack of standing, a single judge could have properly refused to convene the three-judge court and could himself have entered the order dismissing the complaint. In those circumstances an appeal to the court of appeals would clearly have been the appropriate procedure. Concluding that the result should not differ in the case before it merely because the order had been entered by three judges rather than by a single judge, the Court held "that when a three-judge court denies a plaintiff injunctive relief on grounds which, if sound, would have justified dissolution of the court as to that plaintiff, or a refusal to request the convention of a three-judge court ab initio, review of the denial is available only in the court of appeals." *Gonzalez, supra*, 419 U.S. at 101, 95 S.Ct. at 296, 42 L.Ed.2d at 259.

■ We are aware of the rule that a three-judge court need not be convened when the issues presented have been settled beyond question and are no longer open for consideration. This principle was succinctly pronounced in *Bailey v. Patterson*, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), where the Court stated:

We have settled beyond question that no state may require racial segregation of interstate or intrastate transportation facilities. [citations omitted] The question is no longer open; it is foreclosed as a litigable issue. Section 2281 does not require a three-judge court when the claim that a state statute is unconstitutional is wholly insubstantial, legally speaking nonexistent. *Id.* at 33, 82 S.Ct. at 551, 7 L.Ed.2d at 514.

In *Goosby v. Osser*, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), the Court equated "constitutional insubstantiality" with such concepts as "essentially fictitious", "wholly insubstantial", "obviously frivolous", and "obviously without merit." The Court concluded:

The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281 [28 USCS § 2281]. A claim is insubstantial only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' "

*Id.* at 518, 93 S.Ct. at 858, 35 L.Ed.2d at 42. Although we express no opinion on the merits of appellant Wernick's contentions, we seriously doubt that the mere summary affirmance of *Weisbrod v. Lynn, supra*, so firmly settles the law regarding the issues involved in this case that it can be said that the question presented is "wholly" and "obviously" insubstantial within the legal significance of those terms.[3]

---

**3.** The United States Court of Appeals for the District of Columbia similarly felt that in light

of *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52

■ Our conclusion that jurisdiction over this appeal is properly vested in the Supreme Court is confirmed by *MTM, Inc. v. Baxley, supra.* The *MTM* Court held that a direct appeal from an order of a three-judge court will lie to the Supreme Court under § 1253 where the order rests upon resolution of the merits. When, as here, a three-judge court dismisses for want of a substantial federal question, it has rendered a decision on the merits. As Mr. Justice Brennan observed in *Ohio ex rel. Eaton v. Price*, 360 U.S. 246, 247, 79 S.Ct. 978, 979, 3 L.Ed.2d 1200, 1203 (1959), "Votes to affirm summarily, and to dismiss for want of a substantial federal question, it hardly needs comment, are votes on the merits of a case . . . ." *See also Hicks v. Miranda*, 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223, 236 (1975). *MTM*, then, would seem to require review of the order now before us by the Supreme Court.

■ An even more compelling reason for our decision that appellate review in the case *sub judice* is properly lodged in the Supreme Court is the Court's action in deciding *Weisbrod v. Lynn, supra. Weisbrod* also involved a challenge to 5 U.S.C. § 8335, and was substantially identical in many factual respects to the case now before us. A three-judge court dismissed *Weisbrod's* complaint for lack of a substantial federal question. *Weisbrod v. Lynn*, 383 F.Supp. 933 (D.D.C. 1974). The Supreme Court did not dismiss for want of jurisdiction, but rather assumed jurisdiction and summarily affirmed. *Weisbrod v. Lynn*, 420 U.S. 940, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975). This occurred after the Court had rendered its opinion in *Gonzalez.* We reject the Secretary's argument that "*Weisbrod* is simply a transitional case issued in the midst of the Supreme Court's efforts to winnow out cases of dubious constitutional significance" and that we therefore should attribute no significance to the fact that the Court assumed jurisdiction over that appeal. If § 1253 vested the Supreme Court with jurisdiction over the *Weisbrod* appeal, we see no reason why the appeal of this closely analogous case should fall outside the realm of Supreme Court jurisdiction.

■ Accordingly, we conclude that this court is without jurisdiction to consider the merits of this appeal. Therefore, we vacate the order before us and remand the case to the district court so that a fresh order may be entered and a timely appeal prosecuted to the Supreme Court.[4]

It is so ordered.

(1974), the *Weisbrod* challenge to the statute here involved presented a constitutional issue of sufficient substance to warrant consideration by a three-judge court. The court therefore reversed a district judge's initial decision not to convene a three-judge court. *Weisbrod v. Lynn*, 161 U.S.App.D.C. 182, 494 F.2d 1101 (1974).

4. Although our lack of jurisdiction would seem to preclude us from taking any action whatsoever with respect to this appeal, we pursue the procedure used by the Supreme Court in *Bailey v. Patterson, supra*, and conclude that we have jurisdiction to consider the jurisdictional statutes involved. In addition, we also follow the procedure adopted by the Supreme Court in vacating and remanding to the district court; *Gonzalez, supra*, 419 U.S. at 101, 95 S.Ct. at 296, 42 L.Ed.2d at 259 and *MTM, supra*, 420 U.S. at 804, 95 S.Ct. at 1281, 43 L.Ed.2d at 641.