Edward M. CIALKOWSKI, Appellant,

v.

Darrell FRANZEN, Sheriff of Platte County, Nebraska, Appellee.

No. 76–1457.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Dec. 20, 1976.

William G. Line, Fremont, Neb., on brief, for appellant.

Douglas R. Milbourn, Deputy Platte County Atty., Columbus, Neb., Raymond E. Baker, Platte County Atty., Columbus, Neb., on brief, for appellee.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

PER CURIAM.

This is an appeal from the district court's [1] order dismissing appellant Cialkowski's application for a writ of habeas corpus. We affirm.

Appellant was convicted in the county court of Platte County, Nebraska, of contributing to the delinquency of a child in need of special supervision.[2] On appeal to the state district court, the statutes under which appellant was convicted were held to be unconstitutionally vague. The state district court accordingly granted appellant's motion for new trial, reversed his conviction and dismissed the complaint against him. The state then appealed to the Nebraska Supreme Court, which reversed the district court and remanded the cause, holding that the statutes violated were not unconstitutionally vague and indefinite. *State v. Cialkowski,* 193 Neb. 372, 227 N.W.2d 406 (1975). Appellant Cialkowski appealed to the United States Supreme Court which dismissed the appeal for want of a substantial federal question. *Cialkowski v. Nebraska,* 423 U.S. 806, 96 S.Ct. 15, 46 L.Ed.2d 27 (1975).

In *Connor v. Hutto,* 516 F.2d 853 (8th Cir.), *cert. denied,* 423 U.S. 929, 96 S.Ct. 278,

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

2. A child in need of special supervision is defined by Neb.Rev.Stat. § 43–201(5)(c).

46 L.Ed.2d 257 (1975), this court held that a dismissal of a direct state criminal appeal by the United States Supreme Court for want of a substantial federal question is an actual adjudication for purposes of 28 U.S.C. § 2244(c) that precludes subsequent federal habeas corpus relief, provided no subsequent doctrinal developments suggest a change in the Supreme Court's approach to the issues involved. Appellant contends that *Hynes v. Mayor and Council of Borough of Oradell,* 425 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976), is a subsequent doctrinal development marking a change in the Supreme Court's approach to unconstitutionally vague statutes. In *Hynes,* the Court struck down as unconstitutionally vague a municipal ordinance which required advance written notice to be given for identification purposes to the local police department by any person desiring to canvass, solicit or call from house to house for a recognized charitable or political campaign or cause. The Court noted that the general test of vagueness applies with particular force in review of laws dealing with speech. *Hynes, supra,* 96 S.Ct. at 1760. We are not convinced that the *Hynes* case marks a change in the Supreme Court's approach to the issues involved in Cialkowski's case.[3] Accordingly, we hold that the Supreme Court's dismissal of Cialkowski's direct state criminal appeal for want of a substantial federal question is an actual adjudication for purposes of 28 U.S.C. § 2244(c) which precludes subsequent federal habeas corpus relief.

Affirmed.

---

**3.** Appellant also cites *Musser v. Utah,* 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562 (1948). We note, however, that this case was decided before the Supreme Court's dismissal of Cialkowski's appeal and was cited in Judge McCown's dissent in the Nebraska Supreme Court decision. *See State v. Cialkowski, supra,* 227 N.W.2d at 408.