**Rufus Roland FAULK, Appellant,**

v.

**Jim MABRY, Commissioner of Corrections of the State of Arkansas and State of Arkansas, Appellees.**

**No. 79–1108.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1979.

Decided June 15, 1979.

■

---

Robert S. Blatt, Fort Smith, Ark., on brief, for appellant.

Steve Clark, Atty. Gen., and Neal B. Kirkpatrick, Asst. Atty. Gen., Little Rock, Ark., on brief, for appellees.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN,* District Judge.

PER CURIAM.

Rufus Roland Faulk appeals from an order of the District Court, which dismissed his petition for a writ of habeas corpus. We affirm.

On February 11, 1975, Faulk was charged with forgery, uttering and possession of stolen property, in violation of Arkansas law. The case was set for trial on April 15, 1975. Faulk moved for a continuance, which was granted. Trial was reset for June 16, 1975.

On June 2, 1975, Faulk surrendered to the State of Oklahoma where he was charged with an unrelated offense. He pled guilty

to the Oklahoma charge on June 9, 1975, and was sentenced to two years imprisonment. While Faulk was serving this sentence, a request for his extradition was made by Arkansas. He initiated efforts to resist extradition which were exhausted on July 29, 1975. He continued, however, to serve his sentence in Oklahoma, with no demand for his appearance in Arkansas by Arkansas authorities.

On September 24, 1976, Faulk's attorney received a notice that Faulk's trial on the Arkansas charge was reset for October 14, 1976. Faulk filed a motion to dismiss the charge because of a denial of his right to a speedy trial on October 6, 1976. This motion was denied, and he was tried on October 20, 1976. He was convicted on the uttering charge and acquitted of the forgery charge.

Faulk appealed to the Arkansas Supreme Court, claiming that Arkansas's delay in bringing him to trial violated his state and federal rights to a speedy trial.[1] The Arkansas Supreme Court affirmed his conviction. *Faulk v. State*, 261 Ark. 543, 551 S.W.2d 194 (1977). He then appealed to the United States Supreme Court, raising the same claims. The United States Supreme Court dismissed the appeal for lack of a substantial federal question. *Faulk v. Arkansas*, 434 U.S. 804, 98 S.Ct. 33, 54 L.Ed.2d 62 (1977).

On October 7, 1977, Faulk filed a petition for a writ of habeas corpus in federal district court, again alleging a violation of his federal constitutional right to a speedy trial. The District Court dismissed Faulk's petition for lack of jurisdiction. Faulk appeals.

The sole question before us is whether the dismissal of Faulk's direct appeal by the United States Supreme Court operates as an adjudication upon the merits of the issues raised therein and, thus, precludes

---

* HARRY H. MacLAUGHLIN, United States District Judge, for the District of Minnesota, sitting by designation.

1. Specifically, Faulk claimed that the pretrial delay violated Ark.Stat.Ann. §§ 43–1708, 43–

1709, Rule 28 of the Arkansas Rules of Criminal Procedure, Article 2, Section 10 of the Arkansas Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution.

their relitigation in the federal courts by way of a writ of habeas corpus. In *Connor v. Hutto*, 516 F.2d 853 (8th Cir.), *cert. denied*, 423 U.S. 929, 96 S.Ct. 278, 46 L.Ed.2d 257 (1975), this Court held that dismissal of a prior direct appeal for want of a substantial federal question by the Supreme Court is a decision on the merits of those issues raised on appeal, and is binding on the federal courts in a subsequent habeas corpus proceeding involving the same constitutional claims. *Id.* at 854. We are bound by that decision. Since Faulk raised his federal constitutional claim in his direct appeal to the United States Supreme Court, he cannot now relitigate that claim in a federal habeas corpus action.

Faulk argues that even if *Connor* would generally preclude federal habeas corpus review of his claims, such review is not precluded here because there has been a subsequent development in the case law dealing with speedy trial claims which the Supreme Court may adopt. Subsequent doctrinal developments in the Supreme Court's approach to issues previously raised in a direct criminal appeal may require that the federal courts exercise habeas corpus jurisdiction. *Cialkowski v. Franzen*, 545 F.2d 1155, 1156 (8th Cir. 1976); *Connor v. Hutto, supra*. However, Faulk cites only *Bethea v. United States*, 395 A.2d 787 (D.C.1978), in support of his contention that there has been a subsequent doctrinal development affecting his speedy trial claim. Since the Supreme Court has indicated no approval of the *Bethea* case, we do not believe that that case, standing alone, supports the existence of federal jurisdiction.

The dismissal of Faulk's petition is affirmed.