**Paul JACKANIN, Plaintiff,**

v.

**Hugh CAREY, Governor of the State of New York and Anthony N. Durso, County Clerk, Kings County, and Clerk of the Supreme Court, Defendants.**

**No. 79 C 1462.**

United States District Court, E. D. New York.

Sept. 20, 1979.

Paul Jackanin, pro se, Brooklyn, N. Y., for plaintiff.

Seymour Besunder, Brooklyn, N. Y., for defendants.

### MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Plaintiff, Paul Jackanin, challenges the constitutionality of the New York State Judiciary Law § 510(3) on the grounds that it deprives him of equal protection of the laws and infringes his privileges and immunities under the Fourteenth Amendment to the United States Constitution. Judiciary Law § 510(3) requires jurors to be in possession of their natural faculties. Plaintiff is blind and was disqualified from serving as a juror as a result. His disqualification is the basis for his challenge. The defendant argues that the issue does not raise a constitutional question and moves to dismiss the complaint. Fed.R.Civ.P. 12(b)(6). The motion is granted.

In *Lewinson v. Crews*, 49 Misc.2d 1050, 269 N.Y.S.2d 185 (Sup.Ct.1967), *aff'd*, 28 A.D.2d 111, 282 N.Y.S.2d 83 (2d Dept.1967), *aff'd*, 21 N.Y.2d 898, 289 N.Y.S.2d 619, 236 N.E.2d 853 (1968), *appeal dismissed*, 393 U.S. 13, 89 S.Ct. 46, 21 L.Ed.2d 12 (1968), the courts consistently held that the statute was a proper exercise of legislative power and upheld the dismissal of a petition challenging it. The appeal to the United States Supreme Court was dismissed for lack of a substantial federal question, 393 U.S. 13, 89 S.Ct. 46, 21 L.Ed.2d 12, although a challenge based on the equal protection and privilege and immunities clauses was raised and rejected by the New York State Court of Appeals. 21 N.Y.2d 898, 289 N.Y.S.2d 619, 236 N.E.2d 853. Thus, the determination by the Supreme Court requires a dismissal here. *Cf. Connor v. Hutto*, 516 F.2d 853 (8th Cir. 1975); *United States ex rel. Epton v. Nenna*, 446 F.2d 363 (2d Cir. 1971). *See also Eckstein v. Kirby*, 452 F.Supp. 1235 (E.D.Ark.1978).

Accordingly, the complaint is dismissed.[1]

So ordered.

---

1. In reaching this decision, however, the court notes that New York State has a blind judge sitting in its courts, the Hon. Gilbert Ramirez. Thus, from a policy standpoint it seems anomalous to exclude a blind juror from a case while allowing a blind judge to preside over the same case.